IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON TEDFORD, ) | |
|     Petitioner, ) | No. 2:09-cv-409 |
| ) | |
| v. ) | Judge Kim R. Gibson |
| ) | |
| GEORGE LITTLE, et al., ) | |
|     Respondents. ) | |

## ORDER

AND NOW, this 6th day of **July, 2022**, upon consideration of Petitioner's Motion to Stay Habeas Corpus Proceedings [ECF No. 274], it is hereby **ORDERED** that the motion is **GRANTED** as follows:

1. This case is **STAYED** and **ADMINISTRATIVELY CLOSED**[1] pending the resolution of the proceeding in the state courts of Pennsylvania;

2. On June 1 and December 1 of every calendar year, Petitioner's counsel shall file with this Court a status report of the state court proceeding;

3. No later than fourteen (14) days after Petitioner's state proceeding concludes, including any appeals, Petitioner's counsel shall file a motion with this Court requesting that the stay in this case be lifted.

                                                                         Kim R. Gibson
                                                                         United States District Court Judge

---

[1] An order administratively closing a case is not a "dismissal" on the merits. Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication. *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted). Because an administration termination "has no legal significance beyond removing the case from [the Court's] active docket," it does not prejudice the substantive rights of the parties. *Massey v. Pfeifer*, No. 1:17-cv-173, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017).